UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD CARROLL,<br><br>             Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | CASE NO. 12-cv-01464-MJP<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff's objections to the Report and Recommendation issued by Magistrate Judge James P. Donohue. Having reviewed the administrative record, Report and Recommendation (Dkt. No. 20), Plaintiff's objections (Dkt. No. 21), and Defendant's response (Dkt. No. 22), the Court DENIES Plaintiff's objections and ADOPTS the Report and Recommendation.

**Background**

Plaintiff objects to the Report and Recommendation ("R&R") of the Honorable Magistrate Judge James P. Donohue on two bases: (1) the Administrative Law Judge ("ALJ")

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 1

erred by rejecting the medical opinions of Plaintiff's treating physician, Dr. Storey; and (2) the ALJ erred by discounting Plaintiff's credibility and testimony. ("Objections," Dkt. No. 21 at 2.) The Magistrate Judge decided these issues against Plaintiff finding the ALJ did not err because she gave clear and convincing reasons supported by substantial evidence. (Dkt. No. 20, "R&R" at 7-18.) The Magistrate Judge did find the ALJ committed harmful error at step four of her disability evaluation and recommends remand for further proceedings, which Defendant does not oppose. (Id. at 18-26; Dkt. No. 22 at 2.)

Plaintiff requests the Court adopt the Magistrate Judge's finding of harmful error, but otherwise decline to adopt the R&R and order remand for a finding of disability and payment of benefits. (Objections at 2, 13.) Alternatively, Plaintiff requests the Court remand the case for further consideration of Dr. Storey's opinions, Plaintiff's credibility and testimony, and a new residual functional capacity test. (Id. at 13.)

**Discussion**

**A. Legal Standard**

Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any part of the Magistrate Judge's report and recommendation ("R&R") that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

**B. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation**

    **1. Objection 1: R&R Erroneously Affirms ALJ's Rejection of Dr. Storey's Opinions**

Plaintiff objects to the R&R's finding the ALJ gave clear and convincing reasons to reject Dr. Storey's opinions. (Objections at 2.) To reject an uncontroverted opinion of a treating physician, an ALJ must state clear and convincing reasons supported by substantial evidence.

Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). The Court reviews only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

The ALJ gave a clear and convincing reason supported by substantial evidence for rejecting Dr. Storey's April 2009 opinion. The ALJ rejected the opinion as irrelevant to Plaintiff's disability claim because it did not describe Plaintiff's medical condition and functioning during April 14, 2001 to December 31, 2004 - the time period relevant to Plaintiff's Social Security Disability Insurance Benefits ("DIB") claim. (AR at 33; R&R at 2) In his April 2009 opinion, Dr. Storey describes Plaintiff's limitations "at this time" and does not offer any opinion as to Plaintiff's limitations between April 14, 2001 and December 31, 2004. (AR at 292.) Though the ALJ did not discuss the April 2009 letter individually or in detail, she gave a clear reason for rejecting it. See Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The fact that the opinion does not relate to Plaintiff's proof of disability during the relevant period is a clear and convincing reason for rejection supported by substantial evidence.

The ALJ also gave clear and convincing reasons for rejecting Dr. Storey's December 2009 and September 2010 opinions. The ALJ gave "scant weight" to those opinions because she found they were inconsistent with Dr. Storey's own treatment notes relating to Plaintiff's condition during the relevant time period and with Dr. Storey's more recent treatment notes from 2009-2010. (AR 34-35.) The ALJ supported her finding with specific examples to demonstrate the inconsistencies drawn from Dr. Storey's treatment notes between 2000 and 2004 and in 2009-2010. (Id.) Courts have expressly held contradiction between a treating physician's opinions and the physician's own clinical evidence is a clear and convincing reason for not

relying on the physician's opinion. See Bayliss, 427 F.3d at 1216 (citing Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989)).

Though the ALJ's reasons for rejecting Dr. Storey's December, 2009 and September, 2010 opinions are clear and convincing they must also be supported by substantial evidence in the record. Bayliss, 427 F.3d at 1216. "This is a highly deferential standard of review: 'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (2005).

Plaintiff does not refute the evidence relied upon by the ALJ, but contends the ALJ cherry-picked contradictions in the record which, as a whole, does not justify the ALJ's rejection of a treating physician's opinions. (Objections at 4-5.) Though Plaintiff cites treatment notes from 2001-2009 that support Dr. Storey's opinions, Plaintiff's argument is misplaced. (Id. at 5-8.) The issue is not whether the preponderance of the evidence supports or undermines the ALJ's rejection. The issue is whether the ALJ's rejection of Dr. Storey's opinions is supported by enough evidence in the record to make the reasons for rejection reasonable. See Valentine, 574 F.3d at 690.

The ALJ's rejection of Dr. Storey's opinions due to inconsistency with his treatment notes during 2000-2004 and 2009-2010 is supported by substantial evidence. In December 2009, Dr. Storey opined Plaintiff would not be able to sit or stand for any prolonged period (AR at 409) and, in September 2010, specified Plaintiff should alternate between 30 minutes of sitting, standing, walking, and "periods of lying down." (AR at 425.) Dr. Storey reported Plaintiff could

only work up to a total of six hours per day within these restrictions "on his best days" but would require one to two days of bed rest on his "worst days." (Id.)

Dr. Storey's contemporaneous notes from 2009 and 2010 contradict these opinions. (AR 415-424.) The treatment notes consistently indicate Plaintiff's pain medications "are controlling his symptoms nicely" (AR at 418) and his back pain is well managed (AR at 415.) Dr. Storey further reports Plaintiff's "Gait and station are normal. Affect is appropriate. Low back exam is unremarkable," (AR 417, 420), and Plaintiff's back "remains stable" (AR 422) with a "normal range of motion." (AR 422.) As the ALJ observed, these notes are at odds with Dr. Storey's opinions reporting significant physical limitations. (AR at 34.)

In addition to Dr. Storey's later notes, his notes during the period relevant to Plaintiff's DIB claim contain examples that directly contradict Dr. Storey's opinions. On July 31, 2002, Dr. Storey reported he had encouraged Plaintiff to continue playing golf because it improved his flexibility. (AR at 382.) On March 19, 2004, Dr. Storey reported Plaintiff was "increasing his activity" and "golfed without any significant problem." (AR at 391.) On May 13, 2004, Dr. Storey reported Plaintiff had "no neurological deficit and negative straight leg raise" and Plaintiff's "range of motion of lumbar spine is tolerated without any obvious limitations." (AR at 393.) On July 6, 2004, Dr. Storey reported Plaintiff's "exam shows no sciatic tension. His range of motion is actually reasonably good. There is no mechanical instability in his lumbar spine and no local tenderness to palpitation." (AR at 393.) On December 17, 2004, Dr. Storey reported that, overall, Plaintiff "seems much improved and in better spirits about his back. He has actually increased his physical activity now, including golf, without much discomfort." (AR 397.) As the ALJ noted, these observations are directly at odds with any standing or walking restrictions. (AR at 33.)

Based on Plaintiff's treatment record, substantial evidence exists to support the ALJ's rejection of Dr. Storey's opinions as inconsistent and contradictory to his own treatment notes. Although Plaintiff correctly points to consistencies between Dr. Storey's opinions and notes, those consistencies do not disturb the existence of substantial evidence supporting the ALJ's finding. Because the ALJ's reasons for rejecting Dr. Storey's opinions are clear and convincing and supported by substantial evidence, the Court must uphold the ALJ's rejection of Dr. Storey's opinions. See Bayliss, 427 F.3d at 1216.

### 2. Objection 2: R&R Erroneously Affirms ALJ's Evaluation of Plaintiff's Credibility

Plaintiff objects to the R&R's finding the ALJ gave clear and convincing reasons to discount Plaintiff's credibility. (Objections at 2.) Where, as here, a Plaintiff produces medical evidence of an underlying impairment and no affirmative evidence demonstrates the claimant is malingering, the ALJ must provide clear and convincing reasons to reject a claimant's testimony supported by substantial evidence in the record. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence, Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991), and must make "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti, 533 F.3d at 1039. The ALJ may, however, consider "ordinary techniques of credibility evaluation" including inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the Plaintiff complains. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 6

The ALJ discounted Plaintiff's credibility because Dr. Storey's treatment notes and reports that Plaintiff's pain was well-managed by his medication did not support, and in fact contradicted, Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms. (AR 33-34.) Evidence of a favorable response to conservative treatment "is sufficient to discount a claimant's testimony regarding the severity of an impairment." Parra v. Astrue, 481 F.3d 742, 750-751 (9th Cir. 2007); See also Tommasetti, 533 F.3d at 1040 (providing that a favorable response to conservative treatment "undermines [plaintiff's] reports regarding the disabling nature of his pain"). While, as Plaintiff correctly notes, lack of support in objective medical evidence is not, by itself, a sufficient basis to discount Plaintiff's credibility, it is still a relevant factor in the credibility analysis. Burch, 400 F.3d at 681.

The ALJ also discounted Plaintiff's credibility because his testimony regarding the disabling nature of his pain and inability to stand for more than 10-15 minutes was inconsistent with Plaintiff's reported activities that reflect a functional capacity for light work. (AR 34-35.) Evidence the Plaintiff has engaged in activity inconsistent with his alleged symptoms or claims of total disability is a proper basis to discount the Plaintiff's credibility. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). Here, substantial evidence exists to support the ALJ's finding Plaintiff's reported activities directly contradict his claim of total disability. For example, Dr. Storey's treatment notes reflect, during the time period relevant to his claim, Plaintiff played golf without much discomfort (AR 391, 397), did "a lot of yard work," (AR at 378), did "a lot of wood carrying and splitting," (AR 381), moved a mattress (AR at 385), and was increasing his physical activity (AR at 391). The ALJ also noted Plaintiff "asked for increased pain medication in February 2000, after lifting his ill wife, and after operating heavy equipment and a wheel barrow while doing yard work. (AR at 34.)

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 7

1    Taken together, the ALJ's reasons for discounting Plaintiff's testimony are clear and
2  convincing and supported by substantial evidence in the record. The ALJ could reasonably
3  conclude Plaintiff's testimony was not credible because substantial objective evidence
4  contradicts the degree of physical limitation Plaintiff asserts.

5    **C. Plaintiff's Request for Remand for Payment of Benefits**

6    Plaintiff requests the Court remand for a finding of disability and payment of benefits.
7  (Objections at 3.) While "[t]he decision whether to remand the case for additional evidence or
8  simply to award benefits is within the discretion of the court," Stone v. Heckler, 761 F.2d 530,
9  533 (9th Cir. 1985), the Ninth Circuit lists three requirements that must be met in order to credit
10 rejected evidence as true and find disability: (1) the ALJ has failed to provide legally sufficient
11 reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved
12 before a determination of disability can be made, and (3) it is clear from the record that the ALJ
13 would be required to find the claimant disabled were such evidence credited. Bunnell v.
14 Barnhart, 336 F.3d 1112, 1115 (9th Cir. 2003).

15   Remand for a finding of disability and payment of benefits is not the proper relief in this
16 case because, as discussed above, the ALJ gave legally sufficient reasons for discounting Dr.
17 Storey's opinions and Plaintiff's testimony. Because Plaintiff does not meet the first prong, the
18 other elements need not be addressed. Plaintiff's request is DENIED.

19   **D. Plaintiff's Request for Remand for Further Consideration of Dr. Storey's opinions**
20      **and Plaintiff's testimony**

21   Alternatively, Plaintiff requests that the Court remand for further consideration of Dr.
22 Storey's opinions and Plaintiff's testimony. Again, because the ALJ gave legally sufficient
23 reasons to reject Dr. Storey's opinions and to discount Plaintiff's credibility, remand for further
24

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 8

consideration of Dr. Storey's opinions and Plaintiff's testimony is not necessary in this case. This request is also DENIED.

**Conclusion**

The Court DENIES Plaintiff's objections to the R&R because, on de novo review, the ALJ's reasons for discounting Dr. Storey's opinions and Plaintiff's credibility were clear and convincing and supported by substantial evidence. The Court ADOPTS the R&R and remands for further proceedings consistent with the R&R, which found harmful error at step four of the disability evaluation.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of September, 2013.

Marsha J. Pechman
Chief United States District Judge