1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  EDWARD CARROLL,

11              Plaintiff,

12      v.

13  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,

14

              Defendant.

15

CASE NO. 12-cv-01464-MJP

ORDER DENYING PLAINTIFF'S
OBJECTIONS AND ADOPTING
REPORT AND
RECOMMENDATION

16

17      This matter comes before the Court on Plaintiff's objections to the Report and

18  Recommendation issued by Magistrate Judge James P. Donohue. Having reviewed the

19  administrative record, Report and Recommendation (Dkt. No. 20), Plaintiff's objections (Dkt.

20  No. 21), and Defendant's response (Dkt. No. 22), the Court DENIES Plaintiff's objections and

21  ADOPTS the Report and Recommendation.

**Background**

22

23      Plaintiff objects to the Report and Recommendation ("R&R") of the Honorable

24  Magistrate Judge James P. Donohue on two bases: (1) the Administrative Law Judge ("ALJ")

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 1

1   erred by rejecting the medical opinions of Plaintiff's treating physician, Dr. Storey; and (2) the

2   ALJ erred by discounting Plaintiff's credibility and testimony. ("Objections," Dkt. No. 21 at 2.)

3   The Magistrate Judge decided these issues against Plaintiff finding the ALJ did not err because

4   she gave clear and convincing reasons supported by substantial evidence. (Dkt. No. 20, "R&R"

5   at 7-18.) The Magistrate Judge did find the ALJ committed harmful error at step four of her

6   disability evaluation and recommends remand for further proceedings, which Defendant does not

7   oppose. (Id. at 18-26; Dkt. No. 22 at 2.)

8       Plaintiff requests the Court adopt the Magistrate Judge's finding of harmful error, but

9   otherwise decline to adopt the R&R and order remand for a finding of disability and payment of

10  benefits. (Objections at 2, 13.) Alternatively, Plaintiff requests the Court remand the case for

11  further consideration of Dr. Storey's opinions, Plaintiff's credibility and testimony, and a new

12  residual functional capacity test. (Id. at 13.)

13                                  **Discussion**

14    **A.  Legal Standard**

15      Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any

16  part of the Magistrate Judge's report and recommendation ("R&R") that has been properly

17  objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P.

18  72(b)(3); See also 28 U.S.C. § 636(b)(1).

19    **B.  Plaintiff's Objections to the Magistrate Judge's Report and Recommendation**

20        **1.   Objection 1: R&R Erroneously Affirms ALJ's Rejection of Dr. Storey's
              Opinions**

21

22      Plaintiff objects to the R&R's finding the ALJ gave clear and convincing reasons to reject

23  Dr. Storey's opinions. (Objections at 2.) To reject an uncontroverted opinion of a treating

24  physician, an ALJ must state clear and convincing reasons supported by substantial evidence.

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 2

1   Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). The Court reviews only the reasons

2   provided by the ALJ in the disability determination and may not affirm the ALJ on a ground

3   upon which she did not rely. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

4        The ALJ gave a clear and convincing reason supported by substantial evidence for

5   rejecting Dr. Storey's April 2009 opinion. The ALJ rejected the opinion as irrelevant to

6   Plaintiff's disability claim because it did not describe Plaintiff's medical condition and

7   functioning during April 14, 2001 to December 31, 2004 - the time period relevant to Plaintiff's

8   Social Security Disability Insurance Benefits ("DIB") claim. (AR at 33; R&R at 2) In his April

9   2009 opinion, Dr. Storey describes Plaintiff's limitations "at this time" and does not offer any

10   opinion as to Plaintiff's limitations between April 14, 2001 and December 31, 2004. (AR at 292.)

11   Though the ALJ did not discuss the April 2009 letter individually or in detail, she gave a clear

12   reason for rejecting it. See Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95

13   (9th Cir. 1984). The fact that the opinion does not relate to Plaintiff's proof of disability during

14   the relevant period is a clear and convincing reason for rejection supported by substantial

15   evidence.

16        The ALJ also gave clear and convincing reasons for rejecting Dr. Storey's December

17   2009 and September 2010 opinions. The ALJ gave "scant weight" to those opinions because she

18   found they were inconsistent with Dr. Storey's own treatment notes relating to Plaintiff's

19   condition during the relevant time period and with Dr. Storey's more recent treatment notes from

20   2009-2010. (AR 34-35.) The ALJ supported her finding with specific examples to demonstrate

21   the inconsistencies drawn from Dr. Storey's treatment notes between 2000 and 2004 and in

22   2009-2010. (Id.) Courts have expressly held contradiction between a treating physician's

23   opinions and the physician's own clinical evidence is a clear and convincing reason for not

24

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 3

1    relying on the physician's opinion. See Bayliss, 427 F.3d at 1216 (citing Weetman v. Sullivan,

2    877 F.2d 20, 23 (9th Cir. 1989)).

3         Though the ALJ's reasons for rejecting Dr. Storey's December, 2009 and September,

4    2010 opinions are clear and convincing they must also be supported by substantial evidence in

5    the record. Bayliss, 427 F.3d at 1216. "This is a highly deferential standard of review:

6    'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means

7    such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

8    Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). Where evidence is

9    susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. Burch

10   v. Barnhart, 400 F.3d 676, 679 (2005).

11        Plaintiff does not refute the evidence relied upon by the ALJ, but contends the ALJ

12   cherry-picked contradictions in the record which, as a whole, does not justify the ALJ's rejection

13   of a treating physician's opinions. (Objections at 4-5.) Though Plaintiff cites treatment notes

14   from 2001-2009 that support Dr. Storey's opinions, Plaintiff's argument is misplaced. (Id. at 5-

15   8.) The issue is not whether the preponderance of the evidence supports or undermines the ALJ's

16   rejection. The issue is whether the ALJ's rejection of Dr. Storey's opinions is supported by

17   enough evidence in the record to make the reasons for rejection reasonable. See Valentine, 574

18   F.3d at 690.

19        The ALJ's rejection of Dr. Storey's opinions due to inconsistency with his treatment

20   notes during 2000-2004 and 2009-2010 is supported by substantial evidence. In December 2009,

21   Dr. Storey opined Plaintiff would not be able to sit or stand for any prolonged period (AR at 409)

22   and, in September 2010, specified Plaintiff should alternate between 30 minutes of sitting,

23   standing, walking, and "periods of lying down." (AR at 425.) Dr. Storey reported Plaintiff could

24

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 4

1   only work up to a total of six hours per day within these restrictions "on his best days" but would

2   require one to two days of bed rest on his "worst days." (Id.)

3        Dr. Storey's contemporaneous notes from 2009 and 2010 contradict these opinions. (AR

4   415-424.) The treatment notes consistently indicate Plaintiff's pain medications "are controlling

5   his symptoms nicely" (AR at 418) and his back pain is well managed (AR at 415.)  Dr. Storey

6   further reports Plaintiff's "Gait and station are normal. Affect is appropriate. Low back exam is

7   unremarkable," (AR 417, 420), and Plaintiff's back "remains stable" (AR 422) with a "normal

8   range of motion." (AR 422.) As the ALJ observed, these notes are at odds with Dr. Storey's

9   opinions reporting significant physical limitations. (AR at 34.)

10       In addition to Dr. Storey's later notes, his notes during the period relevant to Plaintiff's

11   DIB claim contain examples that directly contradict Dr. Storey's opinions. On July 31, 2002, Dr.

12   Storey reported he had encouraged Plaintiff to continue playing golf because it improved his

13   flexibility. (AR at 382.) On March 19, 2004, Dr. Storey reported Plaintiff was "increasing his

14   activity" and "golfed without any significant problem." (AR at 391.) On May 13, 2004, Dr.

15   Storey reported Plaintiff had "no neurological deficit and negative straight leg raise" and

16   Plaintiff's "range of motion of lumbar spine is tolerated without any obvious limitations." (AR at

17   393.) On July 6, 2004, Dr. Storey reported Plaintiff's "exam shows no sciatic tension. His range

18   of motion is actually reasonably good. There is no mechanical instability in his lumbar spine and

19   no local tenderness to palpitation." (AR at 393.) On December 17, 2004, Dr. Storey reported

20   that, overall, Plaintiff "seems much improved and in better spirits about his back. He has actually

21   increased his physical activity now, including golf, without much discomfort." (AR 397.) As the

22   ALJ noted, these observations are directly at odds with any standing or walking restrictions. (AR

23   at 33.)

24

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 5

1    Based on Plaintiff's treatment record, substantial evidence exists to support the ALJ's

2   rejection of Dr. Storey's opinions as inconsistent and contradictory to his own treatment notes.

3   Although Plaintiff correctly points to consistencies between Dr. Storey's opinions and notes,

4   those consistencies do not disturb the existence of substantial evidence supporting the ALJ's

5   finding. Because the ALJ's reasons for rejecting Dr. Storey's opinions are clear and convincing

6   and supported by substantial evidence, the Court must uphold the ALJ's rejection of Dr. Storey's

7   opinions. See Bayliss, 427 F.3d at 1216.

8       **2.  Objection 2: R&R Erroneously Affirms ALJ's Evaluation of Plaintiff's
           Credibility**

9
        Plaintiff objects to the R&R's finding the ALJ gave clear and convincing reasons to

10  discount Plaintiff's credibility. (Objections at 2.) Where, as here, a Plaintiff produces medical

11  evidence of an underlying impairment and no affirmative evidence demonstrates the claimant is

12  malingering, the ALJ must provide clear and convincing reasons to reject a claimant's testimony

13  supported by substantial evidence in the record. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th

14  Cir. 2008). The ALJ may not discredit the claimant's testimony as to the severity of symptoms

15  solely because they are unsupported by objective medical evidence, Bunnell v. Sullivan, 947

16  F.2d 341, 343 (9th Cir. 1991), and must make "findings sufficiently specific to permit the court

17  to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti, 533

18  F.3d at 1039. The ALJ may, however, consider "ordinary techniques of credibility evaluation"

19  including inconsistencies in testimony or between testimony and conduct, daily activities, work

20  record, and testimony from physicians and third parties concerning the nature, severity, and

21  effect of the symptoms of which the Plaintiff complains. Smolen v. Chater, 80 F.3d 1273, 1284

22  (9th Cir. 1996).

23

24

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 6

1    The ALJ discounted Plaintiff's credibility because Dr. Storey's treatment notes and

2  reports that Plaintiff's pain was well-managed by his medication did not support, and in fact

3  contradicted, Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his

4  symptoms. (AR 33-34.) Evidence of a favorable response to conservative treatment "is sufficient

5  to discount a claimant's testimony regarding the severity of an impairment." Parra v. Astrue, 481

6  F.3d 742, 750-751 (9th Cir. 2007); See also Tommasetti, 533 F.3d at 1040 (providing that a

7  favorable response to conservative treatment "undermines [plaintiff's] reports regarding the

8  disabling nature of his pain"). While, as Plaintiff correctly notes, lack of support in objective

9  medical evidence is not, by itself, a sufficient basis to discount Plaintiff's credibility, it is still a

10  relevant factor in the credibility analysis. Burch, 400 F.3d at 681.

11    The ALJ also discounted Plaintiff's credibility because his testimony regarding the

12  disabling nature of his pain and inability to stand for more than 10-15 minutes was inconsistent

13  with Plaintiff's reported activities that reflect a functional capacity for light work. (AR 34-35.)

14  Evidence the Plaintiff has engaged in activity inconsistent with his alleged symptoms or claims

15  of total disability is a proper basis to discount the Plaintiff's credibility. Molina v. Astrue, 674

16  F.3d 1104, 1112 (9th Cir. 2012). Here, substantial evidence exists to support the ALJ's finding

17  Plaintiff's reported activities directly contradict his claim of total disability. For example, Dr.

18  Storey's treatment notes reflect, during the time period relevant to his claim, Plaintiff played golf

19  without much discomfort (AR 391, 397), did "a lot of yard work," (AR at 378), did "a lot of

20  wood carrying and splitting," (AR 381), moved a mattress (AR at 385), and was increasing his

21  physical activity (AR at 391). The ALJ also noted Plaintiff "asked for increased pain medication

22  in February 2000, after lifting his ill wife, and after operating heavy equipment and a wheel

23  barrow while doing yard work. (AR at 34.)

24

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 7

1   Taken together, the ALJ's reasons for discounting Plaintiff's testimony are clear and

2   convincing and supported by substantial evidence in the record. The ALJ could reasonably

3   conclude Plaintiff's testimony was not credible because substantial objective evidence

4   contradicts the degree of physical limitation Plaintiff asserts.

5   **C.  Plaintiff's Request for Remand for Payment of Benefits**

6   Plaintiff requests the Court remand for a finding of disability and payment of benefits.

7   (Objections at 3.) While "[t]he decision whether to remand the case for additional evidence or

8   simply to award benefits is within the discretion of the court," Stone v. Heckler, 761 F.2d 530,

9   533 (9th Cir. 1985), the Ninth Circuit lists three requirements that must be met in order to credit

10  rejected evidence as true and find disability: (1) the ALJ has failed to provide legally sufficient

11  reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved

12  before a determination of disability can be made, and (3) it is clear from the record that the ALJ

13  would be required to find the claimant disabled were such evidence credited. Bunnell v.

14  Barnhart, 336 F.3d 1112, 1115 (9th Cir. 2003).

15  Remand for a finding of disability and payment of benefits is not the proper relief in this

16  case because, as discussed above, the ALJ gave legally sufficient reasons for discounting Dr.

17  Storey's opinions and Plaintiff's testimony. Because Plaintiff does not meet the first prong, the

18  other elements need not be addressed. Plaintiff's request is DENIED.

19  **D.  Plaintiff's Request for Remand for Further Consideration of Dr. Storey's opinions**

20  **and Plaintiff's testimony**

21  Alternatively, Plaintiff requests that the Court remand for further consideration of Dr.

22  Storey's opinions and Plaintiff's testimony. Again, because the ALJ gave legally sufficient

23  reasons to reject Dr. Storey's opinions and to discount Plaintiff's credibility, remand for further

24

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 8

1 │ consideration of Dr. Storey's opinions and Plaintiff's testimony is not necessary in this case. This

2 │ request is also DENIED.

3 │ **Conclusion**

4 │      The Court DENIES Plaintiff's objections to the R&R because, on de novo review, the

5 │ ALJ's reasons for discounting Dr. Storey's opinions and Plaintiff's credibility were clear and

6 │ convincing and supported by substantial evidence. The Court ADOPTS the R&R and remands

7 │ for further proceedings consistent with the R&R, which found harmful error at step four of the

8 │ disability evaluation.

9 │

10 │      The clerk is ordered to provide copies of this order to all counsel.

11 │      Dated this 11th day of September, 2013.

12 │

13 │

14 │                            Marsha J. Pechman

15 │                            Chief United States District Judge

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION- 9